UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HECTOR ESPINOZA, ) | CASE NO. 4:09-CV-0530 |
| ) | |
| Petitioner, ) | JUDGE ANN ALDRICH |
| ) | |
| v. ) | |
| ) | <u>MEMORANDUM AND ORDER</u> |
| RODDY RUSHING, ) | |
| ) | |
| Respondent. ) | |

Before the court is *pro se* petitioner Hector Espinoza's petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 and writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed this action against Warden Roddy Rushing at the Northeast Ohio Correctional Center in Youngstown, Ohio ("N.E.O.C.C."). Mr. Espinoza, who is incarcerated at N.E.O.C.C., seeks an order compelling the Bureau of Prisons (BOP) to "calculate his federal sentence of imprisonment in accordance with the express provisions of 18 U.S.C. § 3624(b)." (Pet. at 1.)

**I.  BACKGROUND**

Mr. Espinoza was sentenced to serve 57 months of imprisonment by the United States District Court for District of Connecticut on January 19, 2006. During the time he is serving his sentence, he maintains that section 3624(b) of United States Code Title 18 entitles him to earn 54 days per year good time credit. Instead, he alleges he is earning GCT at annual rate of 42 days because the prison has implemented a discriminatory policy with regard to aliens which undermines the provisions of §3624(b).

On November 5, 2007, Mr. Espinoza submitted an Administrative Appeal challenging the decision not to reinstate 24 hours of good credit time (GCT) removed from his sentence because he failed to participate in the Literacy Program. Requesting an exemption from participation in the program for § 3624 eligibility, Mr. Espinoza argued it is within the discretion of the Director to allow immigrant prisoners subject to deportation or removal to waive attendance in a prison literacy program. The appeal was denied by James Burrell, Privatization Management Branch Administrator on October 12, 2007. Citing a new BOP policy imposed in March 2006 for <u>Good Conduct Time under the Prison Litigation Reform Action</u>, P.S. § 5884.03, Mr. Burrell noted Mr. Esinoza was sentenced shortly before, on January 16, 2006. The new policy required that, for prisoners sentenced on or after April 26, 1996, GCT would be awarded at a rate of 54 days for each year served if the inmate earned or made satisfactory progress toward the completion of his GED. Otherwise, the prisoner would accumulate credits at a rate of 42 days. Alien prisoners subject to a "final order" of removal, deportation or exclusion earn GCT at an annual rate of 54 days.

As of September 6, 2007, Mr. Espinoza had still failed to meet the GED requirement. This resulted in the accumulation of GCT at a rate of 42 days annually. While he points out that a detainer was lodged against him on May 16, 2007, the detainer specifically noted "[t]his is not a 'final nor a confirmed order' of deportation." (Letter from Burrell to Espinoza of 10/12/07.)

The National Inmate Administrator, Harrell Watts, subsequently denied Mr. Espinoza's request in 2008.[1] Reviewing Mr. Espinoza's record, Mr. Watts explained that, to date, Mr. Espinoza's GED status remained unsatisfactory. The rating was directly linked to Mr. Espinoza's

---

[1] With the exception of the calendar year, the date stamped on Mr. Watts's reply letter is obliterated.

failure to participate in the Literacy Program, which "negatively effected the rate at which you earned GCT for that and all subsequent award periods."  (Letter from Watts to Espinoza of 2008.) Moreover, the Immigration and Custom Enforcement lodged a detainer against Mr. Espinoza on May 16, 2007, pending deportation.  Until a final order of deportation is issued, however, Mr. Espinoza was still obligated to satisfactorily complete the 240 instructional hours required to complete the Literacy Program.  Because Mr. Espinoza had neither received a final order of deportation nor satisfactorily completed a literacy program, Mr. Watts determined the Mr. Espinoza was not entitled to the restoration of 24 GCT hours forfeited for failing to meet the requisite standard.

**II.    ANALYSIS**

Exercising its discretion to determine whether to award GCT credit, "the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree" 18 U.S.C. §3624(b)(1). Mr. Espinoza challenges the BOP's interpretation of 18 U.S.C. § 3624, claiming he is entitled to earn 54 days based on BOP Program Statement 4350.28, Literacy Program (GED Standard). The relevant P.S. provides that a sentenced deportable alien is not required to participate in the literacy program. While Mr. Espinoza concedes that no "final order" of deportation has been issued, he believes the detainer lodged against him by the Immigration Department entitles him to be treated like a deportable alien.  Accordingly, he believes he should not be required to participate in the literacy program and should receive 54 days of GCT.

3

### 1. 28 U.S.C. § 2243

Upon application for a writ of habeas corpus, a district is tasked to immediately "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (emphasis added). Based on the facts alleged, Mr. Espinoza is not currently entitled to the relief he seeks from this court.[2]

### 2. 18 U.S.C. 3624

The Attorney General has mandated that the BOP conduct adult literacy programs for the benefit of prisoners who are functionally illiterate. *See* 18 U.S.C. § 3624(f); 28 C.F.R. §§ 544.70-75. These inmates must attend the program until they receive 240 hours of instructional time or a GED, whichever comes first. *See* 28 C. F.R. § 544.70. If an inmate receives 240 hours of instructional time without obtaining a GED, the inmate is entitled to 42 days of GCT credit per year. *See* 28 C.F.R. § 523.20(c). If the inmate obtains a GED or continues making satisfactory progress toward a GED after obtaining 240 hours of instruction time, then the inmate is entitled to 54 days of GCT credit per year. *See id.*

BOP P.S. 5884.03 explicitly states its purpose is to "implement provisions of the Prison

---

[2] The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992). In the instant case, Mr. Espinoza has failed to establish: (1) a clear right to 54 days GCT without satisfactory progress towards his GED; (2) that respondent has a nondiscretionary duty to provide him 54 days GCT without satisfactory completion; and (3) that he has no other adequate remedy. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (party seeking mandamus relief must show "clear and indisputable" right and have no other adequate remedy). Because the BOP owes petitioner no duty, no right to relief exists under the Mandamus Act.

Litigation Reform Act of 1995 for awarding good conduct time," and that the objective of the statement is that "[g]ood conduct time for inmates sentenced under the PLRA will be awarded in accordance with [18 U.S.C. ]§ 3624(b)." *See* P.S. 5884.03 at 1.  Likewise, P.S. 5350.28, which makes clear that those who refuse to participate in the Literacy Program shall not be considered to be making satisfactory progress toward a GED, was enacted pursuant to 18 U.S.C. § 3624. See P.S. 5350.28 at 28.  Thus, under the BOP's interpretation of the statute, even deportable aliens are still subject to the satisfactory progress literacy provision of the PLRA. The policy provides, "Although sentenced deportable aliens are exempt from attending the literacy program for the mandated 240 instructional hours, they are still subject to the satisfactory progress literacy provision of the VCCLEA or the PLRA." P.S. 5350.28.

Mr. Espinoza's offenses occurred after 1996 and he is clearly subject to the provisions of the PLRA. Although he is not required to participate in literacy programs under BOP policy, he is required by statute to make satisfactory progress toward a GED or high school diploma in order to receive the maximum award of GCT.

To the extent the BOP's regulations interpret a sentence administration statute, particularly 18 U.S.C. § 3624, the BOP is entitled to *Chevron* deference.[3] Without question, no final order of deportation has been issued against Mr. Espinoza.  Asking this court to essentially elevate the status

---

[3]    In *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), the Supreme Court identified a category of interpretive choices distinguished by an additional reason for judicial deference, recognizing that Congress engages not only in express, but also in implicit, delegation of specific interpretive authority.  Thus, an agency's generally conferred authority and other statutory circumstances suggest Congress expects the agency to be able to speak with the force of law when addressing ambiguity in a statute or fill in a space in the enacted law. When circumstances implying that such an expectation exists, "a reviewing court must accept the agency's position if Congress has not previously spoken to the point at issue and the agency's interpretation is reasonable." *United States v. Mead Corp.*, 533 U.S. 218, 219 (2001).

of a detainer to the weight and authority of an Order of Removal without legal or statutory support defeats Mr. Espinoza's argument.[4] Moreover, even if Mr. Espinoza enjoyed the status of an alien subject to a removal order, BOP policy still requires that they complete the "satisfactory progress literacy provision of the VCCLEA or the PLRA." Mr. Espinoza has not demonstrated that a final order of removal has been issued against him or that the BOP's regulations are arbitrary or capricious. As a matter of law, therefore, this court cannot support Mr. Espinoza's challenge.

## III. CONCLUSION

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. 2243. Further, the court certifies that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Ann Aldrich
　　　　　　　　　　　　　　　　　　　　　　ANN ALDRICH
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**Date:** August 12, 2009

---

[4] A detainer is simply a notice filed with the institution in which a prisoner is serving a sentence, advising that the prisoner is wanted to face pending criminal charges elsewhere, and requesting the custodian to notify the filing jurisdiction prior to releasing the prisoner. Filing a detainer is an informal process that generally can be done by any person who has authority to take a prisoner into custody. Furthermore, a detainer remains lodged against a prisoner without any action being taken on it. *Ridgeway v. United States*, 558 F.2d 357 (6th Cir. 1977), *cert. denied*, 436 U.S. 946 (1978). *See United States v. Mauro*, 436 U.S. 340 (1978).

[5] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."